UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA VALERA,<br><br>        Plaintiff,<br><br>    -against-<br><br>TARGET STORES, TARGET CORPORATION, TARGET DEPARTMENT STORES, INC., BRONX TERMINAL MARKET PRESERVATION ASSOCIATION, INC., BTM DEVELOPMENT PARTNERS, LLC, RELATED MANAGEMENT COMPANY L.P., THE RELATED COMPANIES INC., GATEWAY CENTER AT BRONX TERMINAL MARKET, INC.,<br><br>        Defendants. | Case No. 1:25-cv-05536 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On July 3, 2025, Defendant Target Corporation ("Target") removed this action from the State of New York, Supreme Court, Bronx County, County of Bronx, to this Court. Dkt. 1. Target's Notice of Removal states that removal is appropriate under 28 U.S.C. § 1332 because this action was brought "against a foreign corporation whose principal place of business is outside the State of New York, by a citizen of the State of New York, with the amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs." Dkt. 1 at 6. According to Target, its co-defendants are "nominal defendants" because "Target is responsible for the inspection, maintenance, and repair of the interior of the Target Store where the subject incident allegedly occurred." Dkt. 1 at 4.

  "[I]n determining if diversity exists, courts disregard the presence of nominal parties," and "[a] party is deemed nominal if, based on the substantive law of the state where the federal court sits, no cause of action could be stated against him." *Zerafa v. Montefiore Hosp. Housing Co., Inc.*, 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005). "The burden of proving a party

1

is nominal falls on the party who is claiming nominal status." *Id.; see also Lucas v. Verizon Commc'ns, Inc.*, No. 20-cv-05542 (AJN), 2021 WL 1226889, at *3 (S.D.N.Y. Mar. 31, 2021) ("Where a party is attempting to assert the existence of diversity jurisdiction on the grounds that one of the parties is merely a nominal defendant, all doubts 'must be resolved against removability and in favor of remand.'" (quoting *In re Vill. of Kiryas Joel*, N.Y., No. 11-cv-08494 (ER), 2012 WL 1059395, at *4 (S.D.N.Y. Mar. 29, 2012)). Target represents that, pursuant to an agreement with Defendant BTM Development Partners, LLC ("BTM"), it leases the subject premises and is therefore responsible for the inspection, maintenance, and repair of the interior of the subject Target Store. Dkt. 1 at 1. Target does not, however, append a copy of the underlying lease agreement to its Notice of Removal, address Defendants other than BTM, or provide any case law that evaluates diversity jurisdiction and nominal parties under factual circumstances similar to those present here (e.g., nominal parties in the context of lessors, owners, lessees of property).

Moreover, although Target states that diversity jurisdiction is appropriate here because the action involves a "foreign corporation whose principal place of business is outside of the State of New York," Dkt. 1 at 4, Target does not affirmatively state where it is incorporated or the location of its principal place of business. Likewise, although Target alleges that Plaintiff is a citizen of the "State of New York," Dkt. 1 at 4, Target does not specifically state where Plaintiff is domiciled.

Therefore, no later than July 14, 2025, Target shall file an amended notice of removal (1) appending a copy of the underlying lease agreement; (2) affirmatively stating its place of incorporation and principal place of business; and (3) clarifying where Plaintiff is domiciled. Target shall also provide a letter brief of no more than three pages that supports its contention

regarding diversity jurisdiction and nominal parties in similar factual circumstances as those present here. Plaintiff may also provide a three-page response, if any, by July 18, 2025.

If Target is unable to sufficiently establish diversity jurisdiction, this case will be remanded to state court.

Dated: July 8, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
_____
JENNIFER L. ROCHON
United States District Judge