UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA VALERA,<br><br>       Plaintiff,<br><br>-against-<br><br>TARGET STORES, TARGET CORPORATION, TARGET DEPARTMENT STORES, INC., BRONX TERMINAL MARKET PRESERVATION ASSOCIATION, INC., BTM DEVELOPMENT PARTNERS, LLC, RELATED MANAGEMENT COMPANY, L.P., THE RELATED COMPANIES, INC., and GATEWAY CENTER AT BRONX TERMINAL MARKET, INC.,<br><br>       Defendants. | Case No. 1:25-cv-05536 (JLR)<br><br>**OPINION AND ORDER OF REMAND** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Ana Valera ("Valera") filed this slip-and-fall personal-injury suit against Defendants Target Stores, Target Corporation, and Target Department Stores, Inc., (collectively, "Target"), and Bronx Terminal Market Preservation Association, Inc., BTM Development Partners, LLC, Related Management Company, L.P., the Related Companies, Inc., and Gateway Center at Bronx Terminal Market, Inc., in New York State Supreme Court, Bronx County, on February 6, 2024. *See* Dkt. 1-1. On July 3, 2025, Target removed the action to this Court on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. 1 at 4. Target amended its Notice of Removal on July 16, 2025. *See* Dkt. 13. Currently before the Court is Valera's July 17, 2025 motion to remand the action to state court. *See* Dkt. 15 ("Remand Mot."); Dkt. 18 ("Opp."); Dkt. 19 ("Reply"). For the reasons explained below, the Court finds that Target has failed to establish that this Court has jurisdiction to hear this action and, therefore, remands it to the New York State Supreme Court, Bronx County.

## DISCUSSION

A defendant sued in state court may remove a case to federal court under 28 U.S.C. § 1441 "provided there is a basis for federal jurisdiction over the action." *SCG Mima Towers LLC v. Noble*, No. 24-cv-08277 (VSB), 2025 WL 1417260, at *2 (S.D.N.Y. May 16, 2025) (citing *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 239, 271 (2d Cir. 1994)). It is the removing defendant's burden to "demonstrat[e] the propriety of removal," and the district court "resolv[es] any doubts against removability." *Roberts v. Kirby*, No. 24-cv-08984 (JMF), 2025 WL 240739, at *1, *2 (S.D.N.Y. Jan. 17, 2025) (first quoting *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); and then quoting *Lupo*, 28 F.3d at 274). Thus, where a defendant removes a state court action on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332(a), the defendant must establish that: (1) "the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a)," *O'Neill v. Target Corp.*, No. 21-cv-03262 (PKC) (ARL), 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (citing *Lupo*, 28 F.3d at 273), and (2) "complete diversity among the parties existed not only at the time of removal, but also when the state complaint was filed," *Wheels Up Partners LLC v. Exclusive Jets, LLC*, No. 23-cv-08077 (VSB), 2025 WL 950805, at *2 (S.D.N.Y. Mar. 28, 2025) (quoting *Segal v. Firtash*, No. 13-cv-07818 (RJS), 2014 WL 4470426, at *2 (S.D.N.Y. Sept. 9, 2014)). Here, Target fails to meet its initial burden of establishing a sufficient amount in controversy.

Generally, where a defendant removes an action on the basis of federal diversity jurisdiction, "some indication that the amount-in-controversy requirement has been satisfied must appear on the face of the pleadings." *Woodley v. Mass. Mut.*, No. 08-cv-00949 (NRB), 2008 WL 2191767, at *1 (S.D.N.Y. May 23, 2008); *see* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in

controversy . . . ."). Under New York state law, however, personal-injury plaintiffs must omit the amount of controversy from their complaints and, instead, "state [only] whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." N.Y. C.P.L.R. 3017(c); *accord Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 36 (2d Cir. 2010). In that situation, because the complaint is silent, a defendant seeking removal must "include 'a plausible allegation' that the amount in controversy exceeds the jurisdictional threshold." *Thomas v. J.B. Hunt Transp., Inc.*, No. 23-cv-06889 (DEH), 2023 WL 8233137, at *2 (S.D.N.Y. Nov. 28, 2023) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)); *see* 28 U.S.C. § 1446(c)(2)(A)-(B) (where "State practice . . . does not permit demand for a specific sum," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000). In other words, the defendant must "prov[e] that it appears to a reasonable probability that the claim is in excess" of $75,000. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (quoting *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)); *accord Barrera v. Bethel*, No. 23-cv-08631 (PMH), 2023 WL 8483022, at *1 (S.D.N.Y. Nov. 28, 2023).

Here, in keeping with requirements of state law, Valera's complaint contains no amount in controversy. *See generally* Dkt. 13-1. This left Target with two options when considering removal. First, while still in state court, Target could "at any time request a supplemental demand" that Valera "set[] forth [her] total damages," and, if Valera failed to respond to that demand, "the [state] court, on motion, may order that it be served." N.Y. C.P.L.R. 3017(c). Second, Target could "proceed[] at [its] own peril" by removing the action to this Court and attempting to establish the amount in controversy without Valera's

3

supplemental demand. *J.B. Hunt*, 2023 WL 8233137, at *3. Target chose the latter option. Although Target represents that it requested a N.Y. C.P.L.R. 3017(c) supplemental demand from Valera before removing the action, Target declined to ask the state court to enforce that request when Valera responded with only a Bill of Particulars. *See* Opp. at 2 (noting that Target removed the matter after receiving Valera's Bill of Particulars, even though Valera had not responded to Target's N.Y. C.P.L.R. 3017(c) request); Dkt. 13-4 ("BOP"). Having chosen to proceed in this way, Target now must establish the amount in controversy.

The only dollar amounts in Valera's Bill of Particulars total around $12,300 in special damages, which is well below $75,000. BOP ¶¶ 14-15. However, Target points out that Valera's Bill of Particulars also alleges various "injuries to multiple body parts" that required "arthroscopic surgery." Opp. at 1 (quoting BOP ¶ 8). Indeed, those injuries included "[i]nternal derangement of the right knee, tear of the lateral meniscus, tricompartmental synovitis, chondral damage to the patella and medial femoral condyle, joint contracture with adhesions, clinical chondromalacia patella, . . . [l]eft knee impingement of the suprapatellar fat pad, [and] infrapatellar bursitis." *Id.* (quoting BOP ¶ 8). Target appears to conclude that these injuries and Valera's resulting surgery must represent an amount that, together with her claim for special damages, exceeds $75,000; with that, Target submits that its burden to prove the amount in controversy "has been met." Opp. at 2. The Court disagrees.

"Allegations of injury themselves, without any statement of damages, . . . do[] not give rise to a finding that the amount in controversy exceeds $75,000." *Ma v. United Rentals (N. Am.), Inc.*, 678 F.Supp.3d 412, 416 (S.D.N.Y. 2023); *see J.B. Hunt*, 2023 WL 8233137, at *2 ("[G]eneralized and conclusory allegations of severe and permanent personal injuries do not permit the [c]ourt to draw a reasonable inference that the amount in controversy requirement is met." (internal quotation marks and citation omitted)); *Saad v. Gonzalez*, No. 25-cv-02160

4

(OEM) (RML), 2025 WL 1521392, at *3 (E.D.N.Y. May 29, 2025) (allegations in pleadings that plaintiff "'sustained severe, painful, and serious personal injuries' requiring surgery and 'expending of diverse sums of money'" insufficient to prove amount in controversy (alterations adopted) (citation omitted)).

*O'Neill v. Target Corp.* is an instructive case. There, as here, the defendant removed the action to federal court on the basis of diversity jurisdiction after the plaintiff responded to its N.Y. C.P.L.R. 3017(c) demand with only a bill of particulars. *O'Neill*, 2021 WL 2634880, at *1. There, as here, the defendant relied on the scope of injuries listed in that bill of particulars — "serious and permanent injury to fourteen (14) different body parts" that was so severe as to "incapacitate[] [plaintiff] from employment and require[] an extensive, and ongoing, course of treatment involving nineteen (19) different medical providers/facilities" — to establish the requisite amount in controversy. *Id*. (citation omitted). And there, as here, the bill of particulars did not "allege any specific amount of damages" for those injuries. *Id*. at *1. That court held that the defendant failed to meet its burden of proof on the amount in controversy, ruling that the allegations in the plaintiff's bill of particulars "d[id] not permit the [c]ourt to draw a reasonable inference — as opposed to speculating — that the damages or amount in controversy exceeds $75,000." *Id*. at *2.

The same logic applies even more strongly here, where Valera's Bill of Particulars not only omits an amount of damages in connection with her injuries or surgery, but also suggests an even lesser degree of injury than the *O'Neill* plaintiff alleged, in that it makes no allegation concerning Valera's ongoing treatment or her future capacity to work. *See* BOP ¶ 9 (claiming only that Valera "was confined to [her] home for approximately [t]hree (3) days" after sustaining injuries to her knee). Target's speculation that Valera's damages exceed $75,000 is not enough. *See Justino v. Wal-Mart Stores, Inc.*, No. 21-cv-02130 (PMH), 2021 WL

5

961764, at *2 (S.D.N.Y. Mar. 15, 2021) (defendant's "insistence that [plaintiff's] damages *must* exceed $75,000" insufficient to establish amount in controversy). Indeed, even if Valera's claim for special damages were closer to the jurisdictional threshold, the Court still would not speculate as to whether the value of her injuries and surgery made up the shortfall. *See, e.g.*, *King v. Romero*, No. 22-cv-10935 (PMH), 2022 WL 18009943, at *2 (S.D.N.Y. Dec. 30, 2022) (amount in controversy not proven where plaintiff's bill of particulars' listing "multiple spinal surgeries" and "disclos[ing] that more than $50,000 in no-fault benefits have been exhausted . . . 'd[id] not get . . . to $75,000.01'" (quoting *Johnson-Kamara v. W. Chacon Trucking*, No. 05-cv-09900 (JFK) (THK), 2006 WL 336041, at *2 (S.D.N.Y. Feb. 9, 2006))); *Frierson v. Bay Shippers, LLC*, No. 24-cv-02952 (PKC) (MMH), 2024 WL 1835355, at *3 (E.D.N.Y. Apr. 26, 2024) (amount in controversy not proven where plaintiff's bill of particulars "allege[d] medical expenses of only $40,000" and "state[d] that [p]laintiff suffered various knee and spinal injuries"); *Palmer v. Schindler Elevator Corp.*, No. 17-cv-03619 (ARR) (RLM), 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) (amount in controversy not proven where plaintiff "suffered two herniated discs in her lumbar spine," underwent two surgeries requiring anesthesia, and received $44,956.48 in workers' compensation).

Target argues that if Valera were to refuse to "agree[] to a stipulation limiting her damages to less than $75,000," that refusal could be taken by the Court as evidence that the amount in controversy is, in fact, greater than $75,000. Opp. at 2. That argument does not aid Target. For one, it is not clear to the Court that Target has in fact discussed such a stipulation with Valera, let alone that she has refused it, and the Court places no evidentiary value on a hypothetical response to a hypothetical offer. Moreover, even if Target did make such a suggestion, and even if Valera did decline a requested stipulation, that still would not satisfy Target's burden of proof in the absence of other supporting evidence. *See Myres v. Speedway,*

6

*LLC*, No. 23-cv-05232 (DLI) (MMH), 2023 WL 6121799, at *2 (E.D.N.Y. Sept. 19, 2023) (collecting cases, and holding that plaintiff's refusal to agree to damages cap did not in and of itself satisfy defendant's burden to establish amount in controversy); *Noguera v. Bedard*, No. 11-cv-04893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action."). The cases Target cites do not compel a contrary result, in that all three involved additional evidence or facts not present here. *See Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (plaintiff refused to agree to damages cap, but plaintiff's counsel "effectively conceded the amount in controversy issue" at a hearing); *Armstrong v. ADT Sec. Servs., Inc.*, No. 06-cv-04925 (RCC), 2007 WL 187693, at *2 (S.D.N.Y. Jan. 23, 2007) (plaintiff refused damages cap, but also alleged $70,000 in damages, sought "back pay and front pay" on $52,000 annual salary, and sought $1,000,000 damages in previously filed version of complaint); *Juarbe v. Kmart Corp.*, No. 05-cv-01138 (TPG) (TS), 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (plaintiff refused damages cap, but also alleged injuries "to mind and body . . . believed to be permanent in nature and duration" that would require "hospital and medical expenses in the future" and likely impair plaintiff's "ability to earn her living").

Nor does the Court agree with Target that it is "[t]elling[]" that Valera omitted from her briefing here "any statement confirming that the amount in controversy is indeed less than $75,000." Opp. at 2. As the Court has explained, it is not Valera's burden to provide an amount in controversy upon removal of this action: it is Target's. *See Roberts*, 2025 WL 240739, at *1 ("[T]he defendant bears the burden of demonstrating the propriety of removal.") (citation omitted)). State law provided Target "a readily available recourse to determine" that amount more firmly prior to removing the action to this Court, *J.B. Hunt*, 2023 WL 8233137,

7

at *3, and Target cannot now shift its burden to Valera simply because it chose not to avail itself of that recourse.

Therefore, the Court finds that Target has failed to meet its burden of proving that the amount in controversy exceeds $75,000. As a result, the Court lacks diversity jurisdiction over this action. Having found that it lacks jurisdiction, the Court need not address the parties' arguments as to the diversity of all Defendants.

## CONCLUSION

The Court must remand an action if it determines it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Because it has reached that determination here, the Court respectfully requests that the Clerk remand this case to the New York Supreme Court, Bronx County, for further proceedings.

Dated: September 23, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

8